IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3162-D

| | |
|---|---|
| CHARLES ROBERT BAREFOOT, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC DAVID GOULIAN, et al., )<br>)<br>Defendants. ) | **ORDER** |

On December 1, 2008, Charles Robert Barefoot, Jr. ("Barefoot" or "plaintiff"), a pretrial detainee being held at the Federal Medical Center in Butner, North Carolina ("FMC-Butner"), filed this action for compensatory and punitive damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) [D.E. 1]. Barefoot proceeds pro se and seeks leave to proceed in forma pauperis [D.E. 2]. Barefoot named as defendants Assistant United States Attorney Eric David Goulian ("Goulian"), United States Attorney George E.B. Holding, Jr. ("Holding"), Warden Arthur F. Beeler ("Beeler"), FMC-Butner Director of Psychology Training Edward Landis ("Landis"), New York Metropolitan Correctional Center psychologist Elissa Miller ("Miller"), FMC-Butner staff psychiatrist Ralf Newman ("Newman"), and FMC-Butner Officer F. Elwood ("Elwood"). Compl. 2–4. On September 14, 2009, Barefoot filed a motion in limine asking the court to "record this case as an imminent danger case" [D.E. 9]. The court construes the motion as a motion to amend the complaint. Barefoot also filed several discovery motions [D.E. 11, 12, 13]. For the reasons explained below, the court allows plaintiff's motion to amend the complaint [D.E. 9] and finds that plaintiff has alleged sufficient facts to proceed under 28 U.S.C. § 1915(g). The

court dismisses as frivolous plaintiff's claims against Goulian and Holding. The court directs plaintiff to particularize his claims against Beeler, Landis, Newman, Miller, and Elwood. The court denies plaintiff's motion for the production of documents [D.E. 11], motion to compel defendants to disclose discovery in all criminal and civil cases [D.E. 12], and motion to compel defendants to produce Federal Bureau of Prison ("BOP") records [D.E. 13].

I.

Barefoot, a pretrial detainee, is the self-described "founder" and "pastor" of the "Church, of, the, Nations, Knights, of, the, Ku, Klux, Klan, Inc." See Compl. 11. Barefoot is being held at the Federal Medical Center in Butner, North Carolina, pending restoration of his competency to stand trial for federal charges in connection with a conspiracy to blow up the Johnston County Sheriff's office and state murder charges. See Barefoot v. Revell, No. 5:09-HC-2091-D, at 2–3 (E.D.N.C. Feb. 18, 2010) (unpublished) (summarizing Barefoot's criminal and competency proceedings). On November 14, 2007, the court determined under 18 U.S.C. § 4241 that Barefoot was not competent to proceed to trial. See United States v. Barefoot, 5:05-CR-166-BO (E.D.N.C. Nov. 14, 2007) (unpublished). Barefoot remains committed pending further proceedings in light of United States v. Bush, 585 F.3d 806 (4th Cir. 2009), and the government's request for involuntary medication. See United States v. Barefoot, 5:05-CR-166-BO (E.D.N.C. Apr. 13, 2010) (unpublished) (ordering government to submit supplemental briefing on the government's request to voluntarily medicate Barefoot); see also United States v. Barefoot, No. 09-6085 (4th Cir. Feb. 9, 2010) (unpublished).

The Prison Litigation Reform Act ("PLRA") allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner

2

is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three strikes" provision of the PLRA. See Green v. Young, 454 F.3d 405, 407 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999).

Barefoot has filed at least three cases that the United States District Court for the Eastern District of North Carolina ("Eastern District") has dismissed as frivolous. These dismissals include: Barefoot v. King, No. 5:07-CT-3038-D (E.D.N.C. Apr. 20, 2007) (unpublished) (dismissing 42 U.S.C. § 1983 action as frivolous), appeal dismissed, No. 07-6702 (4th Cir. Oct. 11, 2007) (clerk's order) (unpublished); Barefoot v. Thorton, No. 5:06-CT-3109-H, 2007 WL 2990913, at *1 (E.D.N.C. Apr. 18, 2007) (unpublished) (dismissing 42 U.S.C. § 1983 action as frivolous), aff'd, 235 Fed. Appx. 149 (4th Cir. 2007) (per curiam) (unpublished); Barefoot v. Ellis, No. 5:06-CT-3123-D (E.D.N.C. Feb. 12, 2007) (unpublished) (dismissing 42 U.S.C. § 1983 action as frivolous), appeal dismissed, 230 Fed. Appx. 314 (4th Cir. 2007) (per curiam) (unpublished).

On September 20, 2007, the Fourth Circuit determined that Barefoot had filed at least three actions that were dismissed as frivolous, malicious, or for failure to state a claim. See Barefoot v. King, No. 07-6702 (4th Cir. Sept. 20, 2007) (clerk's order) (unpublished). On August 11, 2009, the Fourth Circuit again denied Barefoot leave to proceed in forma pauperis under 28 U.S.C. § 1915(g) because "[he] had reached the statutory limit for filing or appealing such civil actions under the Prison Litigation Reform Act," and had not "made a colorable showing that he [was] in imminent danger of serious physical injury." Barefoot v. Thornton, No. 09-7279, at 1–2 (4th Cir. Aug. 11, 2009) (clerk's order) (unpublished). Under the three-strikes provision, this court also dismissed Barefoot's allegations in other actions. See Barefoot v. Holding, No. 5:08-CT-3159-D, 2010 WL 2402862 (E.D.N.C. June 14, 2010) (unpublished); Martinez v. Harrison, No. 5:08-CT-3169-D

3

(E.D.N.C. Aug. 26, 2009) (unpublished).[1]

Because Barefoot is a three-striker, Barefoot must show that he is under imminent danger of serious physical injury in order to proceed. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes provision] focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct." Johnson v. Warner, 200 Fed. Appx. 270, 272 (4th Cir. 2006) (per curiam) (unpublished) (quotation omitted). "Vague, speculative, or conclusory allegations are insufficient to invoke the exception of § 1915(g); rather, the inmate must make specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id. (quotation omitted).

Barefoot's complaint is confusing, vague, and nonsensical. Essentially, Barefoot alleges that Holding and Goulian failed to prosecute timely the criminal charges against him, improperly withheld exculpatory evidence, conducted warrantless searches of his property, and violated his constitutional rights to free speech and religious exercise. Compl. 13–17. Barefoot also claims that Holding and Goulian requested involuntary medication "to silence plaintiff" and sought a mental evaluation "to stop the true relevant material facts to be presented to the general public." Id. at 16, 17. Barefoot seeks redress from the government for Beeler's alleged violations of Barefoot's constitutional rights

---

[1] Barefoot is a prolific (albeit unsuccessful) litigant. See, e.g., Barefoot v. Revell, No. 5:09-HC-2091-D (E.D.N.C. Feb. 17, 2010) (unpublished) (dismissing petition for writ of habeas corpus without prejudice), appeal docketed, No. 10-6695 (4th Cir. May 11, 2010); Barefoot v. Holding, No. 5:08-HC-2179-BO (E.D.N.C. Apr. 27, 2009) (unpublished) (dismissing petition for writ of habeas corpus without prejudice); Barefoot v. Polk, No. 5:06-CT-3100-BO (E.D.N.C. Feb. 14, 2008) (unpublished) (granting summary judgment in favor of defendants). In addition to the instant action, Barefoot has several pending cases in the Eastern District. See, e.g., Pet. for Writ of Habeas Corpus, Barefoot v. Revell, No. 5:10-HC-2030-FL (E.D.N.C. Mar. 1, 2010); Compl., Barefoot v. Pettit, No. 5:09-CT-3148-BO (E.D.N.C. Aug. 21, 2009); Compl., Barefoot v. Derry, No. 5:09-CT-3143-FL (E.D.N.C. Aug. 19, 2009); Compl., Barefoot v. Polk, No. 5:07-CT-3029-D (E.D.N.C. Feb. 20, 2007); Compl., Barefoot v. Pickett, No. 5:06-CT-3113-FL (E.D.N.C. Oct. 27, 2006); Compl., Barefoot v. Thorton, No. 5:06-CT-3112-BO (E.D.N.C. Oct. 27, 2006).

4

to a speedy trial, free speech, religious exercise, assembly, and seek redress from the government. Id. at 4–5. Barefoot also complains that Beeler wrongfully placed him in lockdown as a pretrial detainee. Id. at 5. Barefoot claims that Landis and Newman, "The Defined Quack Dr.'s [sic]," violated his rights to a speedy trial, free speech, religious exercise. Id. at 9–10. According to Barefoot, Landis and Miller also had him placed in lockdown for "security concerns" when two witnesses, "Habitual Li[a]r[s]," were in the compound yard together and when Barefoot "utilized on Envelopes Poor Man's Copyright to copyright multiple gospel, country, and Blue Grass songs." Id. at 10. Barefoot claims that Miller, a "so-called evaluator" and "quack," also violated his rights to a speedy trial, and freedom of speech and religion. Id. at 12. As for Elwood, Barefoot claims that he has racially-discriminated against him and violated his free speech and religion rights. Id. at 18. Barefoot asserts that Elwood placed him in administrative segregation because of his "Religious Consciences to Yahwee [sic] the living GOD and for utilizing on envelopes and song's [sic] poor man's copyright." Id. Barefoot also alleges that Elwood "got caught tampering with [his] mail." Id.

Construed liberally, Barefoot's complaint fails to make a colorable showing that he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Accordingly, because Barefoot is a three-striker and he failed to plead facts to show an ongoing physical injury, Barefoot's complaint is subject to dismissal.

On September 14, 2009, plaintiff filed a "motion in limine of affidavit[ ] and declaration of truth of Charles Robert Barefoot Jr. (TDC) [sic] and the offer of proof that this case is an imminent danger of sevear [sic] aerioud [sic] pysical [sic] actual and personal injuries" [D.E. 9].[2] Barefoot asks the court "to record this case as an IMMINENT DANGER CASE OF PH[Y]SICAL INJURY OF

---

[2]According to Barefoot, "TDC" means "<u>T</u>hreat <u>D</u>uress <u>C</u>oercision." See Pl.'s Mot. Limine 3; Mem Supp. 8 [hereinafter "Am. Compl."].

ACTUAL INJURIES." Pl.'s Mot. Limine 1. Barefoot also filed a nine-page memorandum of law in support of his motion in limine [D.E. 10]. See Am. Compl. The court construes Barefoot's motion as a motion for leave to file an amended complaint and the supporting memorandum as the proposed amended complaint.

A party may amend his pleading once as a matter of course within 21 days after serving it. See Fed. R. Civ. P. 15(a)(1)(A). Otherwise, a party may amend his pleading only with the written consent of the opposing party or the court's leave. See Fed. R. Civ. P. 15(a)(2). Barefoot's complaint has not been served on defendants. Thus, the court allows plaintiff's motion to amend the complaint [D.E. 9]. Based on plaintiff's assertions in the amended complaint, Barefoot has alleged sufficiently that he is in imminent danger of serious physical injury. See, e.g., Smith v. Wang, 2010 WL 997100, at *1 (4th Cir. Mar. 17, 2010) (per curiam) (unpublished); Smith v. Mayes, 358 Fed. Appx. 411, 412 (4th Cir. 2009) (per curiam) (unpublished). Thus, Barefoot's filing falls within the exception to the three-strikes provision, and the court allows plaintiff to proceed in forma pauperis [D.E. 2]. See 28 U.S.C. § 1915.

Having now allowed Barefoot to proceed without prepayment of his filing fee, the court screens the complaint for frivolity. In reviewing a prisoner complaint, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Claims that are legally frivolous are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used

6

to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–52 (2009); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Moreover, a court is not required to "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Under 28 U.S.C. § 1915, the court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992) (quotation omitted).

First, Barefoot's claims against Holding and Goulian fail to survive frivolity review. Prosecutors are absolutely immune when carrying out prosecutorial functions. See, e.g., Buckley v. Fitzsimmons, 509 U.S. 259, 269–71 (1993); Imbler v. Pachtman, 424 U.S. 409, 430–31 (1976). As stated, Barefoot initially asserted that Holding and Goulian improperly filed federal charges against him, failed to provide a speedy trial, withheld exclupatory evidence, conducted warrantless searches of his property, and sought an order for involuntary medication to restore his competency. See Compl. 13–17. In his amended complaint, Barefoot fails to name Holding and Goulian. See Am. Compl. However, Barefoot challenges the motives and methods of the "Federal Government" or the "United States" in prosecuting him. Id. at 3; see id. at 2, 5. Barefoot also contends that he faces imminent danger of serious physical injury because of "Defendant's [sic] delusional Belief system to drug a person that has used very littal [sic] drugs." Id. at 2, 3, 5. Barefoot's allegations against

7

Holding and Goulian arise out of their duties as federal prosecutors, for which they enjoy immunity. See Imbler, 424 U.S. at 430–31; Ostrzenski v. Seigel, 177 F.3d 245, 250 (4th Cir. 1999). Therefore, Barefoot's claims against Holding and Goulian are barred by the doctrine of prosecutorial immunity and are dismissed as frivolous.[3]

As for the remaining defendants, plaintiff's amended complaint is vague, unclear, and nonsensical. Barefoot fails to attribute any act or omission to an individual defendant. Rather, Barefoot employs "labels and conclusions" to claim generally that defendants have discriminated against him, acted with deliberate indifference and negligence, and deprived him of his constitutional rights. Although wholly absent from his original complaint, Barefoot now appears to assert a claim for deliberate indifference to his medical needs. Barefoot alleges that he is in imminent danger because of defendants' failure to treat his "very seve[]r[e] serious chronic [p]ain[]." Am. Compl. 3. For example, Barefoot alleges that the top of his head burns when he urinates, eats food and swallows, drinks hot coffee, or eats spicy foods. Id. at 4. Barefoot complains that "No one" is trying to determine the cause of his troubles because he is a pretrial detainee. Id. Barefoot also alleges that he is being "denied the proper medical attention to be treated for medical needs." Id. at 5.

Also on September 14, 2009, Barefoot filed a nearly identical motion in limine [D.E. 11] and supporting memorandum of law [D.E. 12] in another action pending in the Eastern District of North Carolina. See Barefoot v. Derry, No. 5:09-CT-3143-FL (E.D.N.C. Sept. 14, 2009). In that action, Barefoot alleges a Bivens claim for deliberate indifference to his chronic pain and medical needs against a different set of FMC-Butner defendants. Id., Compl., (E.D.N.C. Aug. 19, 2009). Before

---

[3]In 2008 Barefoot asserted nearly identical claims against Holding and Goulian. See Compl., Barefoot v. Holding, No. 5:08-CT-3159-D (E.D.N.C. Nov. 24, 2008). The court dismissed plaintiff's claims under 28 U.S.C. § 1915(g). See Barefoot, No. 5:08-CT-3159-D, 2010 WL 2402862, at *3.

8

considering Barefoot's motion in limine, the court concluded that Barefoot satisfied the imminent-danger exception and allowed the action to proceed. Id. at 4 (E.D.N.C. Feb. 11, 2010) (unpublished).[4]

Barefoot's amended complaint fails to satisfy the general rules of pleading. See Fed. R. Civ. P. 8. Before proceeding, Barefoot must particularize his complaint with additional information. See Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965) (per curiam). The amended complaint must consist of more than labels and conclusions and must provide each defendant fair notice of what Barefoot's claim against him or her is and the grounds upon which the claims rest. See, e.g., Twombly, 550 U.S. at 556 n.3. In other words, Barefoot must describe briefly the specific events and correlating dates which are the basis for his claim against each defendant and the constitutional rights each defendant allegedly violated. The amended complaint also must focus on how the alleged events affected Barefoot, the injury he allegedly sustained, the person who inflicted the injury, and the relief sought. Barefoot may amend his complaint not later than July 27, 2010. The amended complaint will replace the original and first amended complaints [D.E. 1, 10]. See, e.g., Young v. City of Mount Ranier, 238 F.3d 567, 572–73 (4th Cir. 2001).

The court will review Barefoot's amended complaint and warns Barefoot that his amended complaint may be dismissed as frivolous, malicious, or for failure to state a claim. See 28 U.S.C. § 1915(e)(2). Barefoot must amend his complaint with sufficient specificity to enable the court to assess whether Barefoot filed the motion to amend the complaint (motion in limine) solely to avoid dismissal under the exception to the three-strikes provision. See Fed. R. Civ. P. 11(b). The court

---

[4] The court did not construe plaintiff's motion in limine as an attempt to amend his complaint. See Barefoot v. Derry, No. 5:09-CT-3143-FL, slip op. at 6-7 (E.D.N.C. Sept. 14, 2009) (unpublished). The court dismissed as frivolous Barefoot's claims against defendants Campos, Revell, Reirdine, and Beeler. See Barefoot v. Derry, No. 5:09-CT-3143-FL, slip op. at 6 (E.D.N.C. Feb. 11, 2010) (unpublished). Barefoot's deliberate indifference allegations against defendants Derry, Gonzalez, and Duchesne survived frivolity review. Id. at 4.

9

Case 5:08-ct-03162-D   Document 14   Filed 07/07/10   Page 9 of 11

warns plaintiff that it will impose sanctions, including the sanction of dismissal, in response to any attempt by Barefoot to circumvent the PLRA, deceive the court, or manipulate the judicial process by fabricating an "imminent danger" claim against these defendants. See Fed. R. Civ. P. 11(b), 11(c), 16(f), 41(b); see also Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40–41 (4th Cir. 1995). The court further cautions Barefoot that his failure to comply with this order may result in the dismissal of this action.

On November 13, 2009, Barefoot filed a motion for the production of documents ("motion for production") [D.E. 11]. On February 11, 2010, Barefoot filed a "motion . . . to compel the defendant[]s to fully disclose discovery in any and all criminal and civil cases" ("motion to compel discovery") [D.E. 12] and a "motion . . . to compel the defendant[]s to produce any and all documents from the Federal Bureau of Prisons for the jury trial demand pursuant to the Federal Rules of Civil Procedure Rule 38(b) and any other discoverable documents pertaining to the plaintiff Barefoot involved in the plaintiff's unla[w]ful servitude" ("motion to compel BOP documents") [D.E. 13]. Barefoot's motions are premature because this action has not survived frivolity review and defendants have not been served with process. Thus, the court denies plaintiff's motion for production [D.E. 11], motion to compel discovery [D.E.12], and motion to compel BOP documents [D.E. 13].

II.

In sum, the court CONSTRUES plaintiff's motion in limine [D.E. 9] as a motion to amend the complaint and plaintiff's supporting memorandum of law as the proposed amended complaint [D.E. 10]. The court ALLOWS plaintiff's motion to amend and DIRECTS the Clerk of Court to file plaintiff's supporting memorandum of law [D.E. 10] as an amended complaint. As stated, Barefoot's amended complaint makes a colorable showing under 28 U.S.C. § 1915(g) that plaintiff

10

is in imminent danger of serious physical injury, but fails to satisfy the general rules of pleading. See Fed. R. Civ. P. 8. The court DISMISSES as frivolous plaintiff's claims against Holding and Goulian. The court ORDERS plaintiff to particularize his claims against Beeler, Landis, Miller, Newman, and Elwood. Plaintiff's amended complaint must be filed not later than July 27, 2010. The court WARNS plaintiff that it will impose sanctions, including the sanction of dismissal, if plaintiff fails to comply with this order or the court subsequently determines that plaintiff's amended complaint [D.E. 10] violates Rule 11(b) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 11(b), (c); 16(f); 41(b); see also Hathcock, 53 F.3d at 40–41. The court DENIES plaintiff's motion for production [D.E. 11], motion to compel discovery [D.E. 12], and motion to compel BOP documents [D.E. 13].

SO ORDERED. This 6 day of July 2010.

JAMES C. DEVER III
United States District Judge

11